```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                    :
ALONA LENSKY, *et al.*,                         :
                                                    :
                             Plaintiffs,     :           1:20-cv-4978-GHW
                                                    :
                           -v-                        :       MEMORANDUM OPINION
                                                    :                 AND ORDER
TURK HAVA YOLLARI A.O.,            :
                                                    :
                             Defendant.     :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On August 22, 2024, Defendant moved to certify the Court's July 28, 2024 Memorandum Opinion and Order (the "July Opinion") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 48 (July Opinion); Dkt. No. 50 (motion to certify).  Because an immediate appeal would not materially advance the ultimate termination of the litigation, Defendant's motion is DENIED.

**I.    BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case. *See* Dkt. No. 27 ("September Opinion") at 1–4.  On September 28, 2020, Defendant moved to dismiss this case for lack of personal jurisdiction.  Dkt. No. 23.  On September 20, 2021, the Court granted the motion to dismiss, holding that neither the Montreal Convention, New York's Long Arm Statute, nor Federal Rule of Civil Procedure 4(k)(2) confers jurisdiction over Defendant.  September Opinion at 6–14.  Most relevant, the Court applied the *Daimler* test for determining general personal jurisdiction under Rule 4(k)(2) and found that Defendant was not "essentially at home" in the United States. *Id.* at 12.

Plaintiffs appealed, and the Second Circuit affirmed in part, vacated in part, and remanded the Court's September Opinion.  *See Lensky v. Turk Hava Yollari, A.O.*, No. 21-2567-CV, 2023 WL 6173334 (2d Cir. Sept. 22, 2023) (summary order).  Specifically, the Second Circuit vacated the

Court's ruling regarding the lack of personal jurisdiction under Rule 4(k)(2). Given that "ample case law . . . applied a different test [than *Daimler*'s] to determine whether general jurisdiction exists under Rule 4(k)(2)(B)," the Second Circuit pointed the Court to the "continuous and systematic" test applied in *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008). *Lensky*, 2023 WL 6173334, at *3. Additionally, the Second Circuit directed the Court to consider whether "[P]laintiffs' claims more broadly 'arise out of or relate to'" Defendant's contacts with the United States such that specific jurisdiction exists. *Id.* In summary, the Second Circuit remanded the case for this Court to "determine whether there is a basis . . . for exercising general jurisdiction or specific jurisdiction over THY under Rule 4(k)(2)." *Id.*

After further briefing from the parties, the Court issued the July Opinion on July 28, 2024, finding general personal jurisdiction over Defendant and therefore denying Defendant's motion to dismiss. July Opinion at 1. The Court held that in this circuit, the *Porina* test remains the appropriate general jurisdiction test under Rule 4(k)(2). *Id.* at 7–8. Applying *Porina*, the Court determined that "Defendant's contacts with the United States were 'continuous and systematic' such that the exercise of general jurisdiction comports with the due process clause of the Fifth Amendment." *Id.* at 6. In a footnote in the July Opinion, the Court noted that given the facts of this case, there may also be grounds for finding specific personal jurisdiction, consistent with the Second Circuit's directive. *Id.* at 8 n.4. However, the Court declined to reach that issue given the finding of general jurisdiction. *Id.*

On August 22, 2024, Defendant moved to certify the July Opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 50. Defendant seeks to appeal to the Second Circuit to decide the issue of "what test is applicable to determine the existence of the 'minimum contacts' with the United States required to support the assertion of general personal jurisdiction under Fed. R. Civ. P. 4(k)(2)." Dkt. No. 50-1 ("MOL") at 1. Defendant filed a Memorandum of Law in

Support of Its Motion. *See* MOL. Plaintiffs filed a brief in opposition to Defendant's motion on September 5, 2024. Dkt. No. 52 ("Opposition").

## II. LEGAL STANDARD

In general, there is a "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). As a result, "in the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). However, district courts may certify certain nonfinal orders to the court of appeals under 28 U.S.C. § 1292(b). But such certification is warranted only if (1) "[the] order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) certification is thus "a rare exception to the final judgment rule" that "is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996); *see also In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 533 (S.D.N.Y. 2014) ("Interlocutory review [under § 1292(b)] is strictly reserved for exceptional cases and is especially rare in the early stages of litigation.").

Moreover, even if the three criteria are met, the court retains discretion to determine whether leave to appeal is warranted. *See Gibson v. Kassover,* 343 F.3d 91, 94 (2d Cir. 2003). Leave to appeal an interlocutory order should be granted "only in exceptional circumstances that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Picard v. Estate of Madoff*, 464 B.R. 578, 582–83 (S.D.N.Y. 2011) (citing *In re Bernard L. Madoff Investment Sec. LLC (In re Madoff),* No. 11-mc-0012, 2011 WL 3897970, at *3 (S.D.N.Y. Aug. 31, 2011) (internal punctuation marks omitted)).

Accordingly, district courts must "exercise great care in" choosing to grant a party leave to file an interlocutory appeal. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (citing *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

### III.  DISCUSSION

Because an immediate appeal from the July Opinion will not "materially advance the ultimate termination of the litigation," certification is not warranted. 28 U.S.C. § 1292(b). At this point in the case, an appeal challenging personal jurisdiction will only terminate the litigation if the Second Circuit rules that neither general nor specific jurisdiction exists. The July Opinion did not fully address the issue of specific jurisdiction, which in this case requires a fact-intensive analysis.[1] It is therefore doubtful that the Second Circuit will resolve the issue of specific jurisdiction on appeal. *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996) ("[S]ince the exercise of personal jurisdiction over a foreign parent corporation through a resident subsidiary is a question of law which turns on a thorough examination of the facts defining the relationship between the two corporations, we are reluctant to rely on what may turn out to be an incomplete record to clarify legal doctrine for the district court's guidance."); *Lensky*, 2023 WL 6173334, at *3 ("[W]hether THY's alleged contacts with the United States as a whole are 'continuous and systematic' is not an issue that the District Court clearly addressed or that we should attempt to resolve in the first instance."). Thus, even if the Second Circuit were to agree with Defendant that the *Daimler* test is the appropriate test for general jurisdiction under Rule 4(k)(2),[2] and even if the Second Circuit were

---

[1] The Court must first determine whether Defendant "had only limited contacts" with the United States or Defendant's contacts were "more substantial." *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d Cir. 2018) (quoting *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998)). Then, depending on the answer to the first inquiry, the Court must determine whether Defendant's contacts with the United States were either a proximate cause or merely a but-for cause of Plaintiffs' injuries abroad. *Id.* (quoting *Chew*, 143 F.3d at 29).

[2] Note that the Court applied the *Daimler* test in its September Opinion, and the Second Circuit vacated that decision with instructions to consider the applicability of the *Porina* test instead. *Lensky*, 2023 WL 6173334, at *3. As Plaintiffs argue, "it is not likely that the Second Circuit would have remanded this very question to the district court" if *Daimler*

4

to agree with the September Opinion that the Court does not have general jurisdiction over Defendant under *Daimler*, "a remand will be required" to analyze specific jurisdiction. *Koehler*, 101 F.3d at 866.

Therefore, Defendant is incorrect that a favorable ruling "would result in a dismissal of [this] litigation." MOL at 4. To the contrary, it would only prolong the litigation. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 478 (S.D.N.Y. 2013) ("[A]n immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to *advance* the time for trial or to *shorten* the time required for trial." (emphasis in original) (quoting *Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005))). Because an appeal would not materially advance the ultimate termination of the litigation, the Court does not certify the July Opinion for interlocutory appeal.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to certify the Court's July 28, 2024 Memorandum Opinion and Order for interlocutory appeal is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 50.

SO ORDERED.

Dated: October 10, 2024
New York, New York

GREGORY H. WOODS
United States District Judge

---

was the appropriate standard. Opposition at 1–2. "Nor would the Second Circuit have done so if there was a pressing and urgent need to resolve this question at the Circuit level." *Id.* at 2.